**BRIAN T. DUNN, ESQ. (SBN 176502)**
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
bdunn@cochranfirm.com
mgyongyos@cochranfirm.com

Attorneys for Plaintiff BRIAN CISNEROS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CISNEROS,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF LOS ANGELES, OFFICER JEFF CHIANTARETTO, OFFICER BRENT GONZALES, and DOES 2 through 10, inclusive,<br><br>    Defendants. | **CASE NO.: CV13-05955 DDP (MANx)**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1.  **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Force)**<br><br>2.  **Battery (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)**<br><br>3.  **Negligence (Cal. Government Code §§ 815.2(a), 820(a))**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3. Plaintiff BRIAN CISNEROS is, and at all relevant times herein was, a resident of the County of Los Angeles, State of California.

4. Defendant CITY OF LOS ANGELES (hereinafter "CITY") is, and at all relevant times herein was, a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER JEFF CHIANTARETTO (hereinafter "OFFICER CHIANTARETTO") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, OFFICER CHIANTARETTO was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and within the course and scope of his employment with the CITY and the LAPD.

6. Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER BRENT GONZALES (hereinafter "OFFICER GONZALES") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, OFFICER GONZALES was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and within the course and scope of his employment with the CITY and the LAPD.

///
///

7. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

9. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

10. This Complaint concerns an incident which occurred during the evening hours of Friday, July 26, 2013, at or around the intersection of Ida Avenue and Sunnyside Avenue and/or Redwood Avenue, in the City of Los Angeles and State of California. At approximately 11:15 p.m. on that date, Plaintiff BRIAN CISNEROS was riding his bicycle at or around the intersection of Ida Avenue and Sunnyside Avenue and/or Redwood Avenue when Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, while acting under color of law and in the course and scope of their employment with the Defendant

1  CITY and the Los Angeles Police Department, negligently assessed the
2  circumstances presented to them, exited their patrol vehicle with their firearms
3  drawn, and unjustifiably stopped and detained MR. CISNEROS without having
4  probable cause or reasonable suspicion to believe that MR. CISNEROS had
5  committed any crime, or would commit a crime in the future. When OFFICER
6  CHIANTARETTO and OFFICER GONZALES first made contact with BRIAN
7  CISNEROS, MR. CISNEROS was riding his bicycle on Ida Avenue, had
8  committed no criminal offense, and was not armed with any kind of weapon.

      11.    Without warning, Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES proceeded to unjustifiably assault and batter Plaintiff BRIAN CISNEROS by acts which included, but were not limited to, pulling MR. CISNEROS off his bicycle, slamming MR. CISNEROS down on the ground, placing their knees on MR. CISNEROS' neck and using their hands to smash MR. CISNEROS' face into the ground, choking MR. CISNEROS, slamming MR. CISNEROS' body on their patrol vehicle, and applying excessive physical force to MR. CISNEROS' right arm, amongst other acts. Throughout the time in which he was assaulted and battered by OFFICER CHIANTARETTO and OFFICER GONZALES, BRIAN CISNEROS had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not undertake any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

      12.    At no time during the course of these events did Plaintiff BRIAN CISNEROS pose any reasonable or credible threat of violence to OFFICER CHIANTARETTO or OFFICER GONZALES, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and brutally assaulted and battered, BRIAN CISNEROS was not armed with any kind of weapon, and posed no risk of violence to any police

officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, BRIAN CISNEROS had committed no criminal offense, was not resisting arrest or obstructing the Defendant Officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, BRIAN CISNEROS undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.

## FOR THE FIRST CAUSE OF ACTION
### (By Plaintiff BRIAN CISNEROS Against Defendant OFFICER JEFF CHIANTARETTO and Defendant OFFICER BRENT GONZALES for Violations of Civil Rights [42 U.S.C. § 1983])
### (Based on Unreasonable Use of Force)

13. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

14. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff BRIAN CISNEROS by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

15. Plaintiff is informed, believes, and thereupon alleges, that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES. The CITY provided its individual Defendant employees

and agents, including OFFICER CHIANTARETTO and OFFICER GONZALES, with official badges and identification cards which designated and described the bearers as employees of the CITY and the Los Angeles Police Department.

16.    Plaintiff is informed, believes, and thereon alleges, that at all times relevant to the acts and omissions herein alleged, Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES were employed by the Defendant CITY and the Los Angeles Police Department, and were acting under color of law and in the course and scope of their employment with the CITY and the Los Angeles Police Department.

17.    At approximately 11:15 p.m. on Friday, July 26, 2013, Plaintiff BRIAN CISNEROS was riding his bicycle at or around the intersection of Ida Avenue and Sunnyside Avenue and/or Redwood Avenue when Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, exited their patrol vehicle with their firearms drawn, and unjustifiably stopped and detained MR. CISNEROS without having probable cause or reasonable suspicion to believe that MR. CISNEROS had committed any crime, or would commit a crime in the future. When OFFICER CHIANTARETTO and OFFICER GONZALES first made contact with BRIAN CISNEROS, MR. CISNEROS was riding his bicycle on Ida Avenue, had committed no criminal offense, and was not armed with any kind of weapon.

18.    Without warning, Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES proceeded to unjustifiably assault and batter Plaintiff BRIAN CISNEROS by acts which included, but were not limited to, pulling MR. CISNEROS off his bicycle, slamming MR. CISNEROS down on the ground, placing their knees on MR. CISNEROS' neck and using their hands to smash MR. CISNEROS' face into the ground, choking MR. CISNEROS, slamming MR. CISNEROS' body on their patrol vehicle, and applying excessive physical force to MR. CISNEROS' right arm, amongst other acts. Throughout the

time in which he was assaulted and battered by OFFICER CHIANTARETTO and OFFICER GONZALES, BRIAN CISNEROS had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not undertake any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

19. At no time during the course of these events did Plaintiff BRIAN CISNEROS pose any reasonable or credible threat of violence to OFFICER CHIANTARETTO or OFFICER GONZALES, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and brutally assaulted and battered, BRIAN CISNEROS was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, BRIAN CISNEROS had committed no criminal offense, was not resisting arrest or obstructing the Defendant Officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, BRIAN CISNEROS undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.

20. At all times mentioned herein, Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies,

practices, customs, and/or usages of the State of California and the Defendant CITY. OFFICER CHIANTARETTO and OFFICER GONZALES deprived Plaintiff BRIAN CISNEROS of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

21. Plaintiff BRIAN CISNEROS had the right to be free from unreasonable governmental seizures of his person, a right which was secured to BRIAN CISNEROS by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, which proximately caused severe injuries to BRIAN CISNEROS, including, but not limited to, severe facial injuries, a fractured right elbow, a dislocated right shoulder, and severe bruising in his right hand and right fingers.

22. Plaintiff BRIAN CISNEROS is informed, believes, and thereupon alleges, that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive BRIAN CISNEROS of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against OFFICER CHIANTARETTO and OFFICER GONZALES in an amount to be proven at the trial of this matter.

23. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, Plaintiff BRIAN CISNEROS was placed in great fear for his life and physical well being, and has suffered and continues to

suffer extreme mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of OFFICER CHIANTARETTO and OFFICER GONZALES, BRIAN CISNEROS was brutally assaulted and battered on July 26, 2013, and suffered severe injuries which include, but are not limited to, severe facial injuries, a fractured right elbow, a dislocated right shoulder, and severe bruising in his right hand and right fingers. As a further proximate result of OFFICER CHIANTARETTO and OFFICER GONZALES' wrongful, intentional, and malicious acts and omissions, BRIAN CISNEROS has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services and other medical treatment and care in an amount according to proof at trial.

24. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, Plaintiff BRIAN CISNEROS has lost past and future earnings in an amount according to proof at trial.

25. Plaintiff BRIAN CISNEROS is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

**FOR THE SECOND CAUSE OF ACTION**
**(By Plaintiff BRIAN CISNEROS Against All Defendants for Battery [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])**

26. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

27. All claims asserted herein against the Defendant CITY are presented pursuant to the CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

///

28. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, practice, custom, and/or usage, of rights, privileges, and immunities secured to Plaintiff BRIAN CISNEROS by the laws of the State of California and the California Constitution.

29. At approximately 11:15 p.m. on Friday, July 26, 2013, Plaintiff BRIAN CISNEROS was riding his bicycle at or around the intersection of Ida Avenue and Sunnyside Avenue and/or Redwood Avenue when Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, exited their patrol vehicle with their firearms drawn, and unjustifiably stopped and detained MR. CISNEROS without having probable cause or reasonable suspicion to believe that MR. CISNEROS had committed any crime, or would commit a crime in the future. When OFFICER CHIANTARETTO and OFFICER GONZALES first made contact with BRIAN CISNEROS, MR. CISNEROS was riding his bicycle on Ida Avenue, had committed no criminal offense, and was not armed with any kind of weapon.

30. Without warning, Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES proceeded to unjustifiably assault and batter Plaintiff BRIAN CISNEROS by acts which included, but were not limited to, pulling MR. CISNEROS off his bicycle, slamming MR. CISNEROS down on the ground, placing their knees on MR. CISNEROS' neck and using their hands to smash MR. CISNEROS' face into the ground, choking MR. CISNEROS, slamming MR. CISNEROS' body on their patrol vehicle, and applying excessive physical force to MR. CISNEROS' right arm, amongst other acts. Throughout the time in which he was assaulted and battered by OFFICER CHIANTARETTO and OFFICER GONZALES, BRIAN CISNEROS had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not

undertake any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

31. At no time during the course of these events did Plaintiff BRIAN CISNEROS pose any reasonable or credible threat of violence to OFFICER CHIANTARETTO or OFFICER GONZALES, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and brutally assaulted and battered, BRIAN CISNEROS was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, BRIAN CISNEROS had committed no criminal offense, was not resisting arrest or obstructing the Defendant Officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, BRIAN CISNEROS undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.

32. Plaintiff BRIAN CISNEROS is informed, believes, and thereupon alleges, that in assaulting and battering him, as described in the foregoing paragraphs of this Complaint, Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive BRIAN CISNEROS of his protected rights and privileges, and did in fact violate the

aforementioned rights and privileges, thereby warranting punitive and exemplary damages against OFFICER CHIANTARETTO and OFFICER GONZALES in an amount to be proven at the trial of this matter.

33. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, Plaintiff BRIAN CISNEROS was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of OFFICER CHIANTARETTO and OFFICER GONZALES, BRIAN CISNEROS was brutally assaulted and battered on July 26, 2013, and suffered severe injuries which include, but are not limited to, severe facial injuries, a fractured right elbow, a dislocated right shoulder, and severe bruising in his right hand and right fingers. As a further proximate result of OFFICER CHIANTARETTO and OFFICER GONZALES' wrongful, intentional, and malicious acts and omissions, BRIAN CISNEROS has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services and other medical treatment and care in an amount according to proof at trial.

34. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, Plaintiff BRIAN CISNEROS has lost past and future earnings in an amount according to proof at trial.

### FOR THE THIRD CAUSE OF ACTION
**(By Plaintiff BRIAN CISNEROS Against All Defendants for Negligence [Cal. Gov't Code §§ 815.2(a), 820(a)])**

35. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

36. All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

37. At approximately 11:15 p.m. on Friday, July 26, 2013, Plaintiff BRIAN CISNEROS was riding his bicycle at or around the intersection of Ida Avenue and Sunnyside Avenue and/or Redwood Avenue when Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, while acting in the course and scope of their employment with the Defendant CITY and the LAPD, negligently assessed the circumstances presented to them, exited their patrol vehicle with their firearms drawn, and unjustifiably stopped and detained MR. CISNEROS without having probable cause or reasonable suspicion to believe that MR. CISNEROS had committed any crime, or would commit a crime in the future. When OFFICER CHIANTARETTO and OFFICER GONZALES first made contact with BRIAN CISNEROS, MR. CISNEROS was riding his bicycle on Ida Avenue, had committed no criminal offense, and was not armed with any kind of weapon.

38. Without warning, Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES proceeded to negligently inflict physical injury upon Plaintiff BRIAN CISNEROS by acts which included, but were not limited to, pulling MR. CISNEROS off his bicycle, slamming MR. CISNEROS down on the ground, placing their knees on MR. CISNEROS' neck and using their hands to smash MR. CISNEROS' face into the ground, choking MR. CISNEROS, slamming MR. CISNEROS' body on their patrol vehicle, and applying excessive physical force to MR. CISNEROS' right arm, amongst other acts. Throughout the time in which the Defendant Officers were inflicting physical injury upon BRIAN CISNEROS, BRIAN CISNEROS had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not undertake

any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

39. At no time during the course of these events did Plaintiff BRIAN CISNEROS pose any reasonable or credible threat of violence to OFFICER CHIANTARETTO or OFFICER GONZALES, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and physically injured, BRIAN CISNEROS was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and physically injured, BRIAN CISNEROS had committed no criminal offense, was not resisting arrest or obstructing the Defendant Officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and physically injured, BRIAN CISNEROS undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.

40. Plaintiff BRIAN CISNEROS is informed and believes, and thereupon alleges, that on and before July 26, 2013, Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of physical force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain unarmed, non-dangerous civilians. Notwithstanding each of these duties,

OFFICER CHIANTARETTO and OFFICER GONZALES failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently stopping and detaining BRIAN CISNEROS without having probable cause or reasonable suspicion to believe that BRIAN CISNEROS had committed a crime, or would commit a crime in the future, negligently failing to determine the fact that BRIAN CISNEROS posed no threat of physical harm to any person prior to and during the course of the events alleged herein, negligently inflicting physical injury upon BRIAN CISNEROS, as described herein, and negligently employing physical force against BRIAN CISNEROS when the same was unnecessary and unlawful. All of these negligent acts proximately caused BRIAN CISNEROS' injuries, which include, but are not limited to, severe facial injuries, a fractured right elbow, a dislocated right shoulder, and severe bruising in his right hand and right fingers.

41.  As a direct and proximate result of the negligent acts and omissions of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, Plaintiff BRIAN CISNEROS suffered severe and injuries which include, but are not limited to, severe facial injuries, a fractured right elbow, a dislocated right shoulder, and severe bruising in his right hand and right fingers.

42.  As a direct and proximate result of the negligent acts and omissions of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, Plaintiff BRIAN CISNEROS was placed in great fear for his life and physical well being. Moreover, due to the wrongful and negligent acts of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, BRIAN CISNEROS has suffered, and continues to suffer, extreme pain and severe mental anguish, as well as mental and physical damage to his mind and body.

43.  As a further proximate result of the negligent acts and omissions of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, Plaintiff BRIAN CISNEROS has been required to employ, and did in fact employ, physicians to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services and medical treatment in an amount

according to proof at trial.

44. As a further proximate result of the negligent acts and omissions of Defendant OFFICER CHIANTARETTO and Defendant OFFICER GONZALES, Plaintiff BRIAN CISNEROS has lost past and future earnings in an amount according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general damages in an amount according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff BRIAN CISNEROS hereby demands that a jury be empaneled for the trial of this matter.

DATED: March 25, 2014    Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By: /s/ Brian T. Dunn
BRIAN T. DUNN
MEGAN R. GYONGYOS
Attorneys for Plaintiff BRIAN CISNEROS

16
FIRST AMENDED COMPLAINT FOR DAMAGES